UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

C L O S E D

KARLOS LATWIAN HARRIS, #297127,

    Plaintiff,        Case Number: 2:09-CV-13077

v.              HON. ANNA DIGGS TAYLOR

COUNTY OF WASHTENAW, ET AL.,

    Defendants.
              /

### ORDER DENYING LEAVE TO PROCEED *IN FORMA PAUPERIS* AND SUMMARILY DISMISSING COMPLAINT

  Plaintiff, Karlos Latwian Harris, currently confined at the Hiawatha Correctional Facility in Kincheloe, Michigan, has filed a *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983. Plaintiff has requested that he be permitted to proceed *in forma pauperis* in this case. See 28 U.S.C. § 1915(a)(1) (1996). For the reasons stated below, the Court will deny Plaintiff leave to proceed *in forma pauperis* and will dismiss the complaint pursuant to 28 U.S.C. § 1915(g).

  Plaintiff's complaint alleges that Washtenaw County and thirteen additional defendants, including several state court judges and several assistant public defenders, have conspired to "eradicate Plaintiff's very right to self-exist free from Defendant's foreign governmental interference and despite well-establish[ed] International Laws condemning such tyranny." Complaint at 2.

  Under the Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, 110 Stat. 1321 (1996), a prisoner is prevented from proceeding *in forma pauperis* in a civil action under certain circumstances.  The statute states, in relevant part:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section, if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

42 U.S.C. § 1915(g).

In short, this "three strikes" provision allows the Court to dismiss a case where the prisoner seeks to proceed *in forma pauperis*, if, on three or more previous occasions, a federal court has dismissed the prisoner's action because it was frivolous or malicious or failed to state a claim for which relief may be granted.  28 U.S.C. § 1915(g) (1996); *Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002) (holding that "the proper procedure is for the district court to dismiss the complaint without prejudice when it denies the prisoner leave to proceed in forma pauperis pursuant to the provisions of § 1915(g)" because the prisoner "must pay the filing fee at the time he initiates the suit.").  Plaintiff has filed three prior civil rights complaints which have been dismissed as frivolous or for failure to state a claim upon which relief may be granted.  *See Harris v. Mich. Dep't of Corrections*, No. 08-13383 (E.D. Mich. Oct. 21, 2008) (Murphy, J.); *Harris v. Mich.*, No. 08-14374 (E.D. Mich. Oct. 31, 2008) (Friedman, J.); *Harris v. G. Robert Cotton Correctional Facility*, No. 09-11006 (E.D. Mich. March 27, 2009) (Tarnow, J.).

A plaintiff may maintain a civil action despite having had three or more civil actions dismissed as frivolous if the prisoner is "under imminent danger of serious physical injury."  28 U.S.C. § 1915(g).  To establish that his complaint falls within the statutory exception to the three strikes rule, a prisoner must allege that he is under imminent danger at the time that he seeks to file his complaint and proceed *in forma pauperis*.  *Malik v. McGinnis*, 293 F.3d 559, 562 (2d Cir. 2002) (holding that imminent danger exception requires that the danger exist at time complaint is

filed); *Ashley v. Dilworth*, 147 F.3d 715, 717 (8th Cir. 1998) (plaintiff sufficiently alleged imminent danger of serious physical injury where he claimed that he was placed near inmates on his enemy list and subject to ongoing danger); *Banos v. O'Guin*, 144 F.3d 883, 885 (5th Cir. 1998) (past body cavity searches failed to establish imminent danger of serious physical injury); *Luedtke v. Bertrand*, 32 F. Supp. 2d 1074, 1077 (E.D. Wis. 1999) (allegation of past physical injury is insufficient to meet statutory exception).

In this case, Plaintiff essentially challenges the processes and procedures leading to the conviction for which is presently incarcerated. These claims do not raise the danger of physical harm.

Accordingly, **IT IS ORDERED** that Plaintiff's request to proceed *in forma pauperis* is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's complaint is **DISMISSED WITHOUT PREJUDICE**. Should Plaintiff wish to pursue the allegations contained in his complaint, he must submit payment of the $350.00 filing fee within 30 days. Upon receipt of the filing fee, the Court will re-open the case and review the complaint to determine whether it should be served or should be summarily dismissed under 28 U.S.C. § 1915A(b).

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Temporary Restraining Order and Preliminary Injunction (Docket #2) is **DENIED AS MOOT**.


DATED:  August 27, 2009                             **s/Anna Diggs Taylor**
                                                    ANNA DIGGS TAYLOR
                                                    UNITED STATES DISTRICT JUDGE

**CERTIFICATE OF SERVICE**

    The undersigned certifies that a copy of the foregoing Order of Dismissal was served upon Plaintiff by First Class U.S. mail on August 27, 2009.

Karlos Harris, #297127
West Shoreline Correctional Facility
2500 South Sheridan Rd.
Muskegon Heights, MI 49444-3309        s/Johnetta M. Curry-Williams
                                                    Case Manager